

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SDD:TAD
F.# 2015R00094

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 6, 2016

<u>BY ECF</u>

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Tairod Nathan Webster Pugh
     <u>Criminal Docket No. 15-00116</u>

Dear Judge Garaufis:

   The government respectfully submits this letter in response to the Court's request, at the April 21, 2016 status conference, that the government inform the Court about the "de-radicalization program" for terrorism defendants that is being explored by the United States District Court in the District of Minnesota.   The government has conferred with government attorneys from the District of Minnesota and has learned the following facts:

   U.S. District Court Judge Michael Davis is in the early stages of developing a program designed to assess the risks posed by terrorism defendants, and, as warranted, recommend an intervention and de-radicalization process to help the defendants eventually reintegrate into society.   There are six defendants presently being considered for the Court's de-radicalization initiative (the "Minnesota Defendants").   These defendants, ranging in age from approximately 20 to 22, have pled guilty to terrorism offenses and are in custody.

   In March 2016, Judge Davis ordered the first of the Minnesota Defendants to "submit to a presentence examination and study to evaluate risk assessment and recommended intervention needs for de-radicalization of defendants involved in terrorism related cases." (<u>See</u> Exhibit 1 hereto.)   Judge Davis directed the U.S. Probation Department for the District of Minnesota to "conduct such study," and to contract with Daniel Koehler, Director of the German Institute of Radicalization and De-Radicalization Studies, to prepare a written report

containing any "findings and recommendations that will be helpful to the Court at sentencing, and release all reports and information regarding this study and assessment to the Court." (Id.).   The reports, which have yet to be completed, must cover a number of topics, including: the "specific driving factors of radicalization for the individual defendant"; a "risk assessment for the defendant"; the "level of risk of re-offending and stage of radicalization"; "specific individualized target areas for the de-radicalization process"; the "prognosis of possible chances of success for intervention and de-radicalization process"; "a recommended disengagement and de-radicalization intervention program tailored to the individual defendant's circumstances and underlying radicalization factors"; and "an overview of a graduated phase process needed for intervention and de-radicalization of the defendant." (Id.).

The reports for the Minnesota Defendants must be disclosed to each defendant, his attorney, and counsel for the government at least 10 days before sentencing.   One of the purposes of the examination, according to Judge Davis's Order, is to "aid the Court in applying the 18 U.S.C. § 3553(a) factors."   (Id.).

The government understands that the Probation Department in the District of Minnesota has received de-radicalization training from Dr. Koehler.   The assigned government attorneys in Minnesota have not attended that program.   It is therefore difficult for the government to give the Court further guidance as to what the Minnesota de-radicalization initiative involves.   Based on the text of Judge Davis's Order, including the reference to "aid[ing] the Court in applying the 18 U.S.C. § 3553(a) factors," it appears to be a post-confinement initiative geared towards re-integrating convicted terrorism defendants into society after they have served their sentences.   We are informed that the United States Attorney for the District of Minnesota has expressed support for the program on the understanding that the assessment and de-radicalization are focused on post-release programming designed to help defendants reintegrate into society after they have served their sentences.   The Court may wish to request further information from Judge Davis.

Because the Minnesota de-radicalization initiative is still in the very early stages of development, the government takes no position concerning its potential application to the defendant, Tairod Pugh.   The government notes that, based on the limited information available, it appears that acceptance of responsibility is a prerequisite for the program.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:     /s/ Tiana A. Demas
Samuel P. Nitze
Tiana A. Demas
Mark E. Bini
Assistant U.S. Attorneys
718-254-7000

cc:     Susan Kellman, Esq. (by ECF)

3