UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA

-against-

TAIROD NATHAN WEBSTER PUGH,

Defendant.
-----------------------------------------------------------------X

ORDER

15-CR-116 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On March 9, 2016, following a four-day trial, Defendant Tairod Nathan Webster Pugh ("Defendant") was convicted by a jury of one count of attempting to provide material support to a terrorist organization, namely, the Islamic State of Iraq and the Levant ("ISIL"), in violation of 18 U.S.C. § 2339B ("Count One") and one count of obstruction of justice, in violation of 18 U.S.C. § 1512(c) ("Count Two"). Defendant first moved for acquittal with respect to both counts under Federal Rule of Criminal Procedure 29 ("Rule 29") on the fourth day of trial after the conclusion of the Government's case. (Trial Tr. ("Tr.") at 1453:10-14.) Defendant then renewed his motion on the fifth day of trial after the conclusion of his defense. (Tr. at 1642:3-5.) In a one-page letter, Defendant now renews that renewal of his initial Rule 29 motion, "adopting the motion pursuant to Rule 29(a), made by [the] predecessor counsel at the end of the government's case." (Def.'s June 24, 2016, Ltr. ("Def.'s Ltr.") (Dkt. 147).) Defendant does not raise any additional arguments or point to any alleged errors in the court's original ruling. (Id.)

Under Rule 29, "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a); see also Fed. R. Crim. P. 29(c)(2) ("If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal.").

1

In challenging the sufficiency of the evidence, defendants face "an uphill battle" and bear "a very heavy burden." United States v. Crowley, 318 F.3d 401, 407 (2d Cir. 2003) (quoting United States v. Jones, 30 F.3d 276, 281 (2d Cir. 1994); United States v. Rivera, 971 F.2d 876, 890 (2d Cir. 1992)). A judgment of acquittal may be granted only if "no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." United States v. Cassese, 428 F.3d 92, 98 (2d Cir. 2005) (quoting United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003)). Therefore, the question is not whether this court believes that the evidence at trial established guilt beyond a reasonable doubt. Crowley, 318 F.3d at 407 (quoting United States v. Brown, 937 F.2d 32, 35 (2d Cir. 1991)). Rather, it is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Cassese, 428 F.3d at 98 (quoting United States v. Espaillet, 380 F.3d 713, 718 (2d Cir. 2004)). Thus, where the court concludes that "either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter." United States v. Temple, 447 F.3d 130, 137 (2d Cir. 2006) (quoting United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000)); see also id. ("Put another way, '[a] court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt.'" (quoting United States v. Guadagna, 183 F.3d 122, 130 (2d Cir. 1999))).

Moreover, in deciding a Rule 29 motion, the court must evaluate the evidence "in the light most favorable to the Government, with all reasonable inferences drawn in favor of the verdict." Crowley, 318 F.3d at 407. The court must also "resolve all issues of credibility in the government's favor." United States v. Canady, 126 F.3d 352, 356 (2d Cir. 1997); see also United States v. Desena, 260 F.3d 150, 154 (2d Cir. 2001). Thus, "[m]atters of the choice

2

between competing inferences, the credibility of witnesses, and the weight of the evidence are within the province of the jury," and the court is "not entitled to second-guess the jury's assessments." United States v. Rea, 958 F.2d 1206, 1221-22 (2d Cir. 1992). In other words, Rule 29 does not provide the court "with an opportunity to substitute its own determination of . . . the weight of the evidence and the reasonable inferences to be drawn for that of the jury." Temple, 447 F.3d at 136 (quoting Guadagna, 183 F.3d at 129). The court "must affirm the conviction so long as, from the inferences reasonably drawn, the fact finder might fairly have found guilt beyond a reasonable doubt." Canady, 126 F.3d at 356.

Defendant argues that the Government failed to prove, as a matter of law, that he was guilty of either Count One or Two beyond a reasonable doubt. (Tr. at 1453:10-14.) In his original motion, Defendant argued that in support of Count One the Government provided only circumstantial evidence of any endeavor to provide aid to ISIL, evidence that was equal to the "circumstantial evidence of innocence." (Tr. at 1454:9-14.) As to Count Two, Defendant contended that the Government failed to establish that he had the requisite intent to destroy evidence "to obstruct some sort of actual proceeding here." (Id. at 1457:23.) Defendant further analogized his destruction of thumb drives while detained at the Turkish border with the sending of a "false letter" by one of the defendants in United States v. McDonnell. (Id. at 1454:22- 1455:4, citing United States v. McDonnell, No. 314-CR-12 (JRS), 2014 WL 6772483, at *5 (E.D.V.A. Dec. 1, 2014) (holding that there was insufficient evidence to find that the defendant knew that a misleading letter about clothing donations would likely affect the proceedings of a specific grand jury).) The Government countered that there was myriad evidence presented to the jury that Defendant "immersed himself in pro-ISIS propaganda . . . , expressed his interest and desire to go to the group, downloaded border crossing points between

3

Turkey and Syria . . . , purchased a one-way ticket . . . , went to the airport, got on the plane, [and] flew to Istanbul" such that a rational trier of fact could have determined guilt under Count One. (Tr. at 1459:13-23.) Of Count Two, the Government argued that it evinced at trial that Defendant knew that "attempting to travel to join a Foreign Terrorist Organization is a federal offense punishable and punished, where possible, in the United States," and also that he destroyed four thumb drives containing "valuable evidence" once he knew that he would "be deported back to the United States . . . [and would] face law enforcement action." (Id. at 1460:11-14.)

Given the "very low threshold that the government must achieve to get to the jury," and viewing the evidence in the light most favorable to the Government, the court held that "the government has definitely met its burden in terms of providing evidence upon which the jury could find that the defendant violated the two laws that he's accused of violating." (Id. at 1463:7-11.) Upon Defendant's first renewal of the motion at the end of his defense, the court again denied the motion. (Id. at 1642:17-19.) In his letter again renewing his Rule 29 motion, Defendant does not advance any additional arguments or reasons why the court should reconsider its prior holdings. (See generally Def.'s Ltr.) As such, for the same reasons noted at trial, Defendant's motion under Rule 29 is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
August _1_, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge