GUIDO CALABRESI, *Circuit Judge*, concurring:

I agree with the majority opinion, which I join in full. I write separately to emphasize the risks posed by the crime of obstruction of justice, 18 U.S.C. § 1512(c), as it has evolved, and as it has been applied in this case.

The case before us illustrates how dangerously far 18 U.S.C. § 1512(c) now extends. Defendant's main crime was to attempt to join ISIS, in violation of 18 U.S.C. § 2339B(a)(1). This is a most serious crime, and it carries a serious penalty. But, at the time Defendant committed his acts, his crime was subject to a statutory maximum of 15 years' imprisonment. Understandably, the District Court sentenced Defendant to the full 15 years under that count. The District Court, however, went further. It ultimately sentenced Defendant to more than twice that time because of acts that seem to have been much less grave: Defendant's apparent destruction of several USB drives and the deletion of the data on his iPod, in violation of 18 U.S.C. § 1512(c).

It is ironical—more than ironical, potentially dangerous—that the government was able to take what is already a very serious crime—attempting to provide material support to a foreign terrorist organization—and, on the basis of some not overly strong facts, bring an obstruction charge that more than doubled the maximum sentence otherwise available.

The majority is correct that, here, the evidence was enough to support the prosecutor's obstruction of justice charge and the jury's verdict. On the basis of the facts presented at trial, a jury was licensed to conclude beyond a reasonable doubt that the defendant corruptly altered, mutilated, or destroyed digital media with the intent to impair their availability for use in a foreseeable official United States proceeding, in violation of 18 U.S.C. § 1512(c)(1).

But is it really justifiable, because of this conduct, to turn Defendant's 15-year sentence into a 35-year one? In this case, there was no evidence to suggest that the destroyed USB drives or deleted iPod data contained information that was valuable or significant in itself or for ISIS. Indeed, the evidence at trial established that Defendant did not have a relationship with current ISIS members, did not have an ISIS-affiliated handler supporting his recruitment, and did not succeed in his attempt to join the organization. To cross into ISIS-controlled territory,

Defendant apparently planned to rely on a publicly-available map from a large-circulation newspaper.

This is not to downplay the seriousness of Defendant's crime. For a skilled aircraft mechanic like Defendant to offer his services to a barbaric terrorist organization is a criminal act of the highest order. That is the gravamen of Defendant's criminal conduct, and, accordingly, it should be the primary determinant of Defendant's punishment, which Congress limited to 15 years maximum (now raised to 20 years, *see* USA FREEDOM Act of 2015, Pub. L. No. 114-23, 129 Stat. 268 § 704).

But Defendant here was sentenced to 35 years. And the additional term of 20 years of imprisonment seems incongruous. Obstruction of justice can, of course, in some circumstances, be a very serious crime. But we have to look at the context. And here, in this specific context, the record does not establish the *seriousness* of *that* crime. Indeed, it looks as though the court imposed the sentence it did based on the heinousness of Defendant's attempted terrorism and simply used the obstruction conviction as a means to go beyond the statutory maximum of that terrorism count.

The majority recognizes the problems with the District Court's decision and remands this case for greater explanation—a procedural ground. This is perfectly proper. We have stated *en banc* that an appeals panel will not usually reach questions of substantive reasonableness where there are procedural errors to be corrected. *See United States v. Cavera*, 550 F.3d 180, 189-90 (2d Cir. 2008) (*en banc*). But I believe that the demand for more explanation also, inevitably, implies that substantive problems may underly this sentence as well.

My belief is reinforced by a concern with how broad obstruction of justice prosecutions under 18 U.S.C. § 1512(c) have become. As construed by federal courts, the crime has been applied expansively, as a tacked-on charge in everything from attempted robbery and murder cases to run-of-the-mill drug busts. *See, e.g., United States v. Johnson*, 655 F.3d 594, 598, 603-05 (7th Cir. 2011) (destruction of cocaine base actionable under 18 U.S.C. § 1512(c)(1)); *United States v. Ortiz*, 367 F. Supp. 2d 536, 538, 540-44 (S.D.N.Y. 2005) (attempted disposal of an automobile used in connection with an attempted robbery actionable under 18 U.S.C. § 1512(c)(1)); *United States v. Vasquez-Soto*, No. 11 Cr. 986-02 (GBD), 2013 WL 1898174, at *1 (S.D.N.Y. May 2, 2013) (wiping fingerprints off an automobile used in connection with an attempted murder-for-hire actionable under 18 U.S.C. §

2

1512(c)(1)); *see also* Sarah O'Rourke Schrup, *Obstruction of Justice: Unwarranted Expansion of 18 U.S.C. § 1512(c)(1)*, 102 J. Crim. L. & Criminology 25 (2012) (collecting and discussing cases).

It is at least arguable that this law was never intended to be used so broadly. 18 U.S.C. § 1512(c) was enacted as part of the Sarbanes-Oxley Act of 2002, a major white-collar reform bill, largely prompted by reports of corporate accounting fraud at Enron and other major blue-chip companies. *See* H. R. Rep. No. 107-414 at 18-19 (2002). But, as applied and interpreted, 18 U.S.C. § 1512(c) can now reach everything from the smallest crime to the broadest political attack and creates tremendous room for prosecutorial discretion.

Accordingly, as judges, we should be careful, in examining obstruction of justice cases, to make our review searching and contextual. A sentence for obstruction of justice under 18 U.S.C. § 1512(c) should reflect the severity of the *obstruction of justice*, in the context of a particular underlying crime, and not prosecutorial or judicial dissatisfaction with the limits Congress placed on the gravity of that underlying crime. And this, ultimately, is what is called for in the case before us.